|   |   |
|---|---|
| UNITED STATES, | ) |
|  | ) |
| Plaintiff | ) |
|  | ) |
| v. | ) |
|  | ) No. CR 10-0319-DLJ |
| JAIME AGUIRRE-OLIVAS, | ) |
|  | ) **ORDER** |
| Defendant. | ) |
| _____ | ) |

On August 5, 2011, Defendant filed a two page Motion to Correct Sentence pursuant to Federal Rule of Criminal Procedure 35(a). Having reviewed the record in this case and that pleading, the Motion is hereby DENIED.

I.  BACKGROUND

On April 21, 2010, defendant was charged in a single Count Indictment with violation of 8 U.S.C. § 1326, Illegal Re-entry Following Deportation.  Over the course of the next year Defendant appeared in front of this Court no fewer than five times to discuss the status of his case and possible plea disposition.  Ultimately on April 12, 2011, defendant pled guilty to the single Count of the Indictment in an open plea to the Court.  At the time of the plea, defendant signed and filed an Application to Enter a Plea of Guilty acknowledging that the maximum sentence which could be imposed was 20 years.  In the plea colloquy, the Court informed defendant that sentencing decisions are in the sole discretion of the Court, not the attorneys.  Defendant indicated that he understood.  Sentencing was set for June 28, 2011.

The Pre-Sentence report indicated that defendant's base offense level was eight (8).  See U.S.S.G. §2L1.2. The base

1  offense level was increased by sixteen (16) levels, to twenty-
2  four (24), as the defendant previously was deported after a
3  conviction for a felony that is a crime of violence. The
4  defendant received the benefit of an adjustment to the base
5  offense level because of his Acceptance of Responsibility
6  pursuant to U.S.S.G. §§ 3E1.1(a) and (b), resulting in an
7  adjusted offense level was 21.

8  The Probation Officer calculated that the defendant had
9  thirteen (13) criminal history points, and therefore fell into
10 Criminal History Category VI.

11 An adjusted offense level of 21 for Criminal History
12 Category VI yields a guideline range of 77 to 96 months'
13 imprisonment. The government requested a sentence of 77 months;
14 the Probation Officer recommended a below-Guidelines sentence
15 of 60 months; and defendant requested an even greater downward
16 departure to 30 months,

17 The Court carefully reviewed all of the materials before
18 it at sentencing and entered a below guidelines sentence of 42
19 months, taking into account various factors raised by defense
20 counsel and the Probation Officer regarding defendant's earlier
21 conviction, and his role and responsibilities in the community,
22 among other factors.

23 II.  Discussion

24 Defendant has now filed a two page Motion to Correct his
25 sentence pursuant to Federal Rule of Criminal Procedure 35(a).

2

Defendant's motion also alludes to "2255."[1]  The basis for defendant's motion is his statement that he was allegedly told that he would only serve a sentence of 8-12 months in custody.

Federal Rule of Criminal Procedure 35(a) provides that:

> (a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

Even if defendant's Motion were timely, his Motion is unavailing.  The Court made no error in his sentence.  The fact that defendant believed that he might receive a lesser sentence then that imposed does not amount to an error in the sentence.

Nor does defendant's invocation of "2255" assist him. Assuming *arguendo* that by mentioning "2255" defendant intended his filing to be considered a writ of habeas corpus pursuant to 28 U.S.C. § 2255, defendant's case is procedurally barred and would be substantively barred as well.

The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) governs all federal habeas petitions filed after the effective date of the AEDPA, April 25, 1996.  *Woodford v. Farceau*, 538 U.S. 202, 204-207 (2003).

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or his sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence.

---

[1] Defendant presumably is alluding to a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

3

However, under 28 U.S.C. § 2255, generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Id*. at 504. Defendant has not filed an appeal in this matter, despite having been advised by the Court of the time limits for doing so.  Therefore the Court sees no basis for jurisdiction of a 2255 Petition at this juncture.

The only claim defendant could raise in a 2255 petition which the court would have jurisdiction over would be a claim of ineffective assistance of counsel. *Massaro*, supra. at 509. ("failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that result can hot be relied upon as just. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  A petitioner must make specific factual allegations which, if true, would entitle him to relief. *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004). Here defendant has only made a vague allegation that he was promised, by an unnamed person or persons that he would receive a shorter sentence.  This vague allegation is insufficient to withstand scrutiny.  Moreover, the Court notes that due to the efforts and effective assistance of his counsel, defendant received a substantially below guidelines sentence.

4

### III. CONCLUSION

For the aforementioned reasons, defendant's Motion to Correct his Sentence is DENIED.

IT IS SO ORDERED

Dated: October 28, 2011  _____
D. Lowell Jensen
United States District Judge