|   |   |   |
|---|---|---|
| Jaime Aguirre-Olivas, | ) | |
| | ) | *E-FILED - 1/29/13* |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Nos.  C-12-03908-DLJ |
| | ) |       CR-10-00319-DLJ |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On June 28, 2011 Defendant Jaime Aguirre-Olivas (Aguirre-Olivas) was sentenced to 42 months in prison for a violation of 8 U.S.C. § 1326, Illegal Re-entry following deportation.  On February 6, 2012 Aguirre-Olivas filed a Motion for Time Reduction by an Inmate in Federal Custody in his criminal case, CR 10-0319.  On July 16, 2012, Aguirre-Olivas filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his sentence (case C12-3908).

The Time Reduction Motion claims violation of his equal rights as he asserts that were he a United States Citizen he would be entitled to a one year reduction of his sentence for participation in a drug program during his incarceration.

The 2255 Motion claims ineffective assistance of counsel, alleging that at the sentencing counsel for defendant failed to correctly address defendant's prior convictions.  Aguirre-Olivas also contends that counsel was ineffective in that he claims counsel caused him to waive his right to appeal.

Having now considered the papers submitted, and the applicable law, the Court hereby denies the motion.

I. <u>Background</u>

On April 21, 2010, Aguirre-Olivas was charged in a single count indictment with illegal re-entry following deportation in violation of 8 U.S.C. § 1326(a) and (b). On April 12, 2011, Aguirre-Olivas entered an "open" guilty plea. The Court informed Aguirre-Olivas that the maximum prison sentence for this offense was 20 years, the maximum fine was $250,000 and the maximum term of supervised release was three years. At that court appearance a date was set for sentencing.

Prior to the sentencing, the United States Probation Office issued a Pre-Sentence Investigation Report ("PSR") recommending a sentence of 60 months. On June 21, 2012, Aguirre-Olivas' defense counsel filed a nineteen page sentencing memorandum in which she argued that the Court should enter a sentence of 40 months. The government filed a sentencing memorandum which recommended a sentence of 77 months.

The sentencing hearing was held on June 28, 2011. The Court made the following sentencing calculation: the proper base offense level of 8 was to be increased by 16 levels because of defendant's prior State of California conviction of Assault with a Deadly Weapon, a crime of violence. After the three level reduction for acceptance of responsibility, defendant's adjusted offense level was 21. As Aguirre-Olivas was in Criminal History Category VI, his USSG Sentence Guideline range was 77 to 96 months.

2

At the sentencing hearing defense counsel made numerous arguments urging the Court to impose a reduced sentence of 40 months. Defense counsel objected to the 16-level enhancement, both because the conviction was over 15 years old and also as the enhancement was excessive in light of the circumstances where there was serious bodily injury to the victim. See Sentencing Transcript, at pp. 4-5.  Defense counsel further argued that Aguirre-Olivas' prior conviction was "double-counted" because it was counted for purposes of increasing the offense level but had also been taken into consideration in raising his criminal history. Id. at 16-18. Finally, defense counsel urged the Court to take into account various mitigating factors, including Aguirre-Olivas' wife's medical condition, his father's poor health, and daughter's learning disability. Id. at 12-14.

The Court considered all of defense counsel's objections. The Court noted that the enhancement was part of the Sentencing Guidelines and so should be included in the calculation but that the Court would take all of counsel's arguments into consideration in determining the final sentence to be imposed.  The Court sentenced defendant to a below guidelines sentence of 42 months in light of the age of defendant's prior conviction, the circumstances of the conviction, and the sentencing factors under § 3553(a). Id. 6, 22.

On July 16, 2012, Aguirre-Olivas filed his Petition, in which

he alleges three grounds for habeas relief. First, he argues that his attorney provided him with ineffective assistance of counsel because she failed to address the fact that his prior Assault with a Deadly Weapon conviction should not have led to a 16-level enhancement. He appears to also argue that his attorney was ineffective because she failed to challenge the enhancement due to his prior felony conviction despite that it was not proven beyond a reasonable doubt nor admitted by him, in violation of his <u>Apprendi</u> rights. Third, he argues that "pursuant to the new Supreme Court ruling in Pepper [sic], [he] is entitled relief, in regard to [his] post-sentencing rehabilitation." <u>See</u> Aguirre-Olivas' Petition at page 8.

II. <u>Legal Standard</u>

A claim for ineffective assistance of counsel is subject to the two-prong test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). A lawyer's performance is constitutionally deficient only when it "so undermines the proper functioning of the adversarial process that the [proceedings] cannot be relied upon as hav[ing] produced a just result." <u>Id</u>. at 687.

A petitioner claiming ineffective assistance of counsel bears the burden of demonstrating that, under all the circumstances of his case, (1) his counsel's performance was so deficient that it fell below an "objective standard of reasonableness" and (2) his counsel's deficient performance prejudiced him, meaning "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Hensley v. Crist</u>, 67 F.3d 181,184-85 (9th Cir. 1995). Furthermore, "[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." <u>United States v. Ferreira-Alameda</u>, 815 F.2d 1251, 1253 (9th Cir. 1987).

An evidentiary hearing is not required "if the petitioner's allegations, when viewed against the record, fail to state a claim for relief." <u>United States v. McMullen</u>, 98 F.3d 1155, 1158 (9th Cir. 1996).

III. <u>Aguirre-Olivas' 2255 Motion</u>

    A.  Counsel's Alleged Failure Regarding the 16 level enhancement.

Aguirre-Olivas first contends that his counsel was ineffective as he asserts that she "failed to address the fact that [his] prior Assault with a Deadly Weapon conviction did not warrant a 16-point enhancement."  The Court finds not only that there is no factual support in the record for this claim, but that the record indicates that counsel for Aguirre-Olivas' made numerous efforts to argue this very point, and ultimately the Court concurred with his counsel and gave Aguirre-Olivas a sentence which was substantially below the guidelines range.  Counsel for Aguirre-Olivas filed a nineteen-page sentencing memorandum addressing this point and at the sentencing hearing argued that a 16 level

5

enhancement to the applicable base offense level was excessive because Aguirre-Olivas' prior conviction for Assault with a Deadly Weapon was not a particularly serious one and because the conviction was over 15 years old. See Sentencing Transcript at pages 4-5.

While the Court still found that the 16 level enhancement was appropriate under the current sentencing guidelines, the Court considered defense counsel's objections and arguments in its determination of the appropriateness of a sentencing variance under Booker.  Moreover, defense counsel made additional arguments that Aguirre-Olivas' prior conviction for Assault with a Deadly Weapon was "double-counted" because it was counted for purposes of his criminal history and offense level. Id. at 16-18. Finally, defense counsel urged the Court to consider additional mitigating factors, including Aguirre-Olivas' wife's poor medical condition, his father's poor medical condition, and daughter's learning disability. Id. at 12-14.

Aguirre-Olivas has failed to meet his burden of demonstrating that his counsel's performance was constitutionally deficient, as his counsel in all ways represented him diligently.  Moreover, Aguirre-Olivas's claim fails because he has suffered no prejudice as there was no error in the application of the 16-level sentence enhancement and also Aguirre-Olivas received a below guidelines sentence.

B.   Counsel's Alleged Failure To Challenge Aguirre-Olivas' Prior Felony Conviction On the Grounds That It Was Not Proven Beyond A Reasonable Doubt

Aguirre-Olivas argues that his attorney was ineffective because she failed to challenge that the fact of the prior felony conviction having occurred prior to his deportation had not proven beyond a reasonable doubt or admitted by him, therefore violating his rights under Apprendi v. New Jersey, 530 U.S. 466 (2000). This argument has been foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See United States v. Almazan-Becerra, 482 F.3d 1085, 1091 (9th Cir. 2007) (reaffirming that a prior conviction need not be submitted to a jury and proved beyond a reasonable doubt). See also United States v. Beng-Salazar, 452 F.3d 1088, 1091 (9th Cir. 2006) (upholding sentencing enhancement based on prior conviction of crime of violence not admitted by defendant). Therefore, the use of Aguirre-Olivas' prior crime of violence conviction as a sentencing enhancement was valid and his defense counsel's action in not objecting was not deficient.

C.   Alleged Waiver of Right to Appeal

Aguirre-Olivas alleges without any factual support that his counsel caused him to waive his right to appeal. It is clear from the record at the sentencing hearing that the Court advised Aguirre-Olivas of his right to appeal and the timing and notice requirement attendant to that right. Therefore it is clear that Aguirre-Olivas was on notice of his rights. There is nothing before

7

the Court which would indicate that defense counsel interfered wiht those rights, and therefore there is no basis for the Court to find defense counsel's performance ineffective.

        D.    Is Aguirre-Olivas entitled to relief under Pepper?

Aguirre-Olivas argues that "pursuant to the new Supreme Court ruling in Pepper [sic], [he] is entitled relief, in regard to [his] post-sentencing rehabilitation." See Aguirre-Olivas' Petition at page 8. Aguirre-Olivas relies on Pepper v. United States, 562 U.S. ----, 131 S.Ct. 1229 (2011). In Pepper, the Supreme Court held that when a defendant's sentence has been set aside on appeal and his case remanded for re-sentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing to award a downward variance from the advisory Guidelines range. Id. at 1236. However, Pepper is inapplicable to Aguirre-Olivas, as Pepper does not address habeas corpus proceedings after a final sentence has been ordered which is the case here.

IV.    Aguirre-Olivas' Motion for Sentence Reduction

     In his motion for Time Reduction Aguirre-Olivas claims violation of his equal rights as he asserts that were he a United States Citizen he would be entitled to a one year reduction of his sentence for participation in a drug program during his incarceration.  However, this argument has been raised previously and rejected by the Ninth Circuit.  See McLean v. Crabtree, 173 F.3d 117 (9th Cir. 1999).

V.  Conclusion

    For the reasons stated above, petitioner's Motion for Sentence Reduction and 2255 Motion are both DENIED.

IT IS SO ORDERED

Dated: January 29, 2013    _____

                                         D. Lowell Jensen
                                         United States District Judge

```
Copy of Order Mailed on 1/29/13 to:
```

**Jaime Aguirre-Olivas**
PO Box 5300
Adelanto, CA 92301

Copy of Order E-Filed to Counsel of Record: